THE PEOPLE ex rel. WILLIAM A. BROWN, Appellant, *v.* JOHN R. SUTTON and Others, Constituting the Board of Audit of the City of Brooklyn, Respondents.

*Brooklyn — it has no board of audit — the compensation of assistants in examining accounts is to be fixed by the common council — the motive of the common council, in reducing a salary, not inquired into — veterans — a salary of four dollars a day not "day's wages."*

Upon an appeal from an order denying a motion for an order directing a peremptory writ of mandamus to issue commanding the defendants as the board of audit of the city of Brooklyn to certify to the comptroller and auditor of that city the pay roll of the relator for certain months, and to certify to the comptroller and auditor that certain amounts were due him from the city for services rendered by him during said months in the board of audit, and requiring the defendants to make a requisition upon the comptroller for the amounts due, it appeared that the petitioner had been performing expert and responsible duties under the comptroller, the auditor and the chairman of the finance committee of the common council in the examination of accounts; that the petitioner, who was a veteran, was removed from office by the officials employing him, and was thereafter reinstated by the court; that the officials employing him, and also the common council, thereupon reduced his salary to four dollars a day, and the motive for this was charged to be to take him out of the protection of the statute relative to veterans, which does not apply to persons receiving day's wages, and also to make so great reduction as to compel him to resign. This intention was denied.

*Held,* that the motion was properly denied;

That there was no board of audit in the government of the city of Brooklyn;

That while it was the duty of the comptroller, the auditor and the chairman of the finance committee of the common council to examine accounts, there was no provision of law empowering them to employ assistants, and to fix their salary;

That the salaries of such assistants were, under the present charter, to be fixed by the common council;

That the court would not inquire into the motives of the common council in fixing salaries;

That the resolution of the common council reducing the salary of the petitioner did not reduce him to day's wages, but left him upon a salary which was measured by four dollars a day.

Appeal by the relator, William A. Brown, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 18th day of January, 1896, denying the motion made by the relator for an order directing a peremptory writ of mandamus to issue, commanding the defendants, as the Board of Audit of the City of Brooklyn, to certify to the comptroller and auditor of the city of Brooklyn the pay roll of the relator for the months of September and October, 1895, in the sum of $250 for each month, and to certify to the said comptroller and auditor that the said amounts are due him from the city for the services rendered by him during said months in the board of audit, and requiring the defendants to make requisition upon the comptroller of said city for the said amounts for him.

*James C. Cropsey*, for the appellant.

*Joseph A. Burr, Corporation Counsel*, for the respondents.

Order affirmed, with ten dollars costs and disbursements upon the opinion at Special Term. All concurred.

The opinion at Special Term was as follows:

Gaynor, J.:

There is no board of audit in the government of Brooklyn, although a "board of audit" is set down in the civil service schedules among the departments of the city government. It is made the duty of the comptroller, auditor and chairman of the

finance committee of the common council to annually examine the accounts of the collector of taxes, registrar of arrears, registrar of water rates and city treasurer, and present the result thereof in writing to the common council at its first meeting of each year; and the same duty is cast upon the auditor and the said chairman of the finance committee in respect of the accounts of the comptroller. (Laws of 1888, chap. 583, tit. 4, § 28.) These officers are not made a board. A board has to act by resolution, the majority binding all. This duty of examining accounts is cast upon these officials as such. There is no provision of law empowering them to employ help and fix their salaries. The law contemplates that they do it themselves with the aid of the staffs of their departments, or else they have the implied power to employ separate help for the purpose. This latter has been the view taken and followed heretofore. The power to fix salaries of such employees rests either in them or in the common council. Formerly the common council had the power to fix the salaries of the employees of the city generally, but now heads of departments have the power to fix salaries of the subordinates in their respective departments. (Tit. 3, § 2.) But these officials do not constitute a department. It seems to follow that salaries of their employees are to be fixed by the common council. (Tit. 2, § 22.) The petitioners have been doing expert and responsible duties under the said officials in the examination of accounts at salaries heretofore deemed reasonable for such work. The said officials removed them, whereupon, being veterans, they were reinstated under the judgment of the General Term of the Supreme Court. Thereupon the said officials, and also the common council, reduced their salaries to four dollars a day with a view, it is said, of taking them out of the protection of the veterans' statute, which does not extend to those receiving day's wages. This intention is disavowed. It is also said that so great a reduction has been made so as to compel the incumbents to resign. This is also disavowed. The common council having the power to fix the salaries, I do not think this court may inquire into its motives in making the reduction. I am also of opinion that the resolution reducing the salaries does not reduce the petitioners to day's wages, but leaves them upon a salary which is measured by four dollars a day.

The motion is denied.